Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ALCIDY MALDONADO SANTANA<br><br>Peticionario | KLCE202400307 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de ARECIBO<br><br>Caso Núm.:<br>C OP2017G0008<br>C BD2017G0134<br>C LA2017G0191 al 0198<br><br>Sobre:<br>Art. 190 E CP<br>Art. 5.15 Ley 404 (4 cargos)<br>Art. 504 Ley 404 (4 cargos) |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2024.

El 12 de marzo del año en curso, el Sr. Alcidy Maldonado Santana (en adelante señor Maldonado o peticionario) compareció ante este Tribunal de Apelaciones por derecho propio. Ahora, los propios documentos sometidos por el señor Maldonado nos alertan de la falta de jurisdicción de este Tribunal de Apelaciones para poder atender el recurso, debiéndose desestimar el mismo por tal razón.

Así pues, y conforme nos autoriza la Regla 7(B)(5) de nuestro Reglamento prescindimos de la comparecencia de la parte recurrida y sin más, disponemos del recurso.

I

-A-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al.,

204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Por ende, las cuestiones relativas a la jurisdicción pueden considerarse *motu proprio* o a petición de parte, en cualquier etapa de los procedimientos, incluso en la apelativa. Rosario Domínguez, et als v. ELA, et al., 198 DPR 197, 206 (2017); Ríos Martínez, Com. Alt. PNP v. CLE, 196 DPR 289 (2016).

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

II

El escrito sometido por el peticionario no fue titulado. En este, el señor Maldonado relata haber sido procesado criminalmente y declarado culpable de varias violaciones a la Ley de Armas de Puerto Rico, citando los números de caso de las distintas causas sometidas en su contra. A su vez, explica que por haber estado inconforme con el veredicto emitido y las penas impuestas instó el recurso apelativo KLAN201900289 y que, luego de la presentación del recurso, su abogado, el Lcdo. Víctor M. Rivera González

sometió una moción mediante la cual solicitó el desistimiento voluntario del recurso apelativo.[1]

Ahora, hemos notado que, más allá de exponer el relato antes consignado, el resto del escrito sometido por el señor Maldonado persigue la revisión de la sentencia dictada en su caso. Específicamente, y con tal propósito, su argumento se centra en la imposibilidad de que una persona- en este caso él - pueda portar y disparar cuatro armas de fuego. Asimismo, en que- **según la prueba**, tales armas no fueron portadas ni utilizadas por él. En virtud de ello, y **el hecho de que no hubo constancia** de si en efecto eran armas de fuego reales o algún dispositivo artificial parecido (de juguete) nos pide que modifiquemos la sentencia para clasificar tales armas como "neumáticas" de modo que pueda beneficiarse de ciertas bonificaciones automáticas y de buena conducta.

Ciertamente estos planteamientos van dirigidos a impugnar la culpabilidad decretada en el juicio por jurado contra el peticionario y, por consiguiente, las consecuentes sentencias emitidas. Mediante estos, el señor González pretende que pasemos juicio sobre asuntos que deben ser sometidos mediante apelación. Conforme el propio peticionario menciona, oportunamente había sometido la apelación KLAN201900289. Sin embargo, sobre dicho recurso se dictó sentencia por desistimiento voluntario.

El desistimiento es una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de **abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente**. Pagán Rodríguez v. Rivera Schatz, 206 DPR 277 (2021) al citar a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. Siendo ello así, el desistimiento que en su día sometió el apelante del recurso de apelación que había instado frente a la sentencia dictada, nos

---

[1] Tomamos conocimiento judicial que el 24 de mayo de 2019, este Tribunal de Apelaciones emitió *Sentencia* mediante la cual concedió al señor Maldonado el desistimiento voluntario solicitado.

priva hoy de jurisdicción para revisar el asunto que trae ante nuestra consideración.

IV

Por las razones aquí consignadas, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones